Mary VAN CLEVE,† Petitioner-Appellant,

v.

Linda and Kurt HEMMINGER, Respondents.

Court of Appeals

*No. 87–0091. Submitted on briefs August 19, 1987.—Decided September 22, 1987.*

(Also reported in 415 N.W.2d 571.)

---

† Petition to review denied.

For petitioner-appellant there were briefs by *Lawrence G. Vesely* of *Olson, Kulkoski, Galloway, Olson & McKloskey, S.C.,* of Green Bay.

For respondents there was a brief by *Gene M. Potack,* of Menominee, Michigan.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. This is an appeal from an order dismissing Mary Van Cleve's petition requesting the

court to order visitation privileges with her grandchildren. Van Cleve alleges that sec. 767.245(4), Stats., empowers the court to entertain a grandparent's petition for visitation where no action affecting the family has previously been filed. We conclude that sec. 767.245(4) applies only to situations involving a previously filed action affecting the family. We affirm the trial court's dismissal of Van Cleve's petition.

For the purposes of this opinion we assume the following facts alleged in Van Cleve's petition to be true. *See Puttkammer v. Minth,* 83 Wis. 2d 686, 688, 266 N.W.2d 361, 363 (1972). Mary Van Cleve's daughter, Linda Hemminger, is married to Kurt Hemminger. The Hemmingers reside at the same address and are the parents of two children. No prior action affecting the Hemminger family has been filed. The Hemmingers refuse to allow Van Cleve to visit their children.

Van Cleve filed a petition for visitation under sec. 767.245(4) for visitation privileges with her two grandchildren. The trial court dismissed Van Cleve's petition concluding that it had no jurisdiction.

■

The issue on appeal is whether a grandparent has the right to visitation privileges with grandchildren under sec. 767.245(4), where no action affecting the family has been previously filed. This issue is one of statutory construction raising a question of law. *Bonn v. Haubrich,* 123 Wis. 2d 168, 171–72, 366 N.W.2d 503, 505 (Ct. App. 1985). Therefore, we owe no deference to the trial court's determination. *Id.*

■

In construing a statute, the primary source is the language of the statute itself. *Arneson v. Arneson,* 120

Wis. 2d 236, 243, 355 N.W.2d 16, 19 (Ct. App. 1984).
Section 767.245(4) reads as follows:

> The court may grant reasonable visitation privileges to a grandparent or greatgrandparent of any minor child upon the grandparent's or greatgrandparent's petition to the court with notice to the parties if the court determines that it is in the best interest and welfare of the child and issue any necessary order to enforce the same.

Van Cleve alleges that the language of sec. 767.245(4) grants jurisdiction to a trial court to order visitation for grandparents without regard to whether an action affecting the family has previously been filed. Van Cleve bases this argument on her literal reading of the statute and the reliance placed upon the "best interests of the child" doctrine in Wisconsin case law. Van Cleve thus urges a statutory reading that permits the state to override the decision made by parents of an intact family as to which adults will be allowed to visit their minor children.

Wisconsin has long deemed it appropriate to make determinations as to the best interests of the children when the family unit is dissolving by adjudication or death. *See* e.g., *Marotz v. Marotz,* 80 Wis. 2d 477, 486, 259 N.W.2d 524, 529 (1977); *In re Stillman Goodenough,* 19 Wis. 291, 296 (1865); sec. 880.155, Stats. In these situations, the children's best interests are frequently compromised for reasons of spite, hostility, or economics. *Weichman v. Weichman,* 50 Wis. 2d 731, 734–36, 184 N.W.2d 882, 884–85 (1971). However, for the reasons stated below, we conclude that the legislature did not intend to reach into intact families to override parental determinations involving

visitation privileges between their children and the grandparents.

We agree that on its face a literal reading of sec. 767.245(4) does not appear to limit court jurisdiction to cases where an action affecting the family has previously been filed. However, after examining the entire statute and related statutes we conclude that sec. 767.245(4) is ambiguous.

We begin our analysis by looking at the language of the entire statute and not just one subsection or paragraph. *See Arneson,* 120 Wis. 2d at 243, 355 N.W.2d at 19. An ambiguity can be created by the interaction of separate sections. *State v. Walker,* 75 Wis. 2d 93, 102, 248 N.W.2d 410, 414(1977). Absent any statutory definition, the meaning of nontechnical words may be ascertained from a recognized dictionary. *State v. Wittrock,* 119 Wis. 2d 664, 670, 350 N.W.2d 647, 651 (1984).

The reading of sec. 767.245(4) as proposed by Van Cleve is ambiguous because of its interaction with sec. 767.02(1)(k), Stats., and the differing definitions of "children." Section 767.02(1)(k) defines the phrase "an action affecting the family" as one "concerning visitation rights to children." This section does not refer specifically to grandparent's right to visitation and the use of the term "children" can mean children "of the immediate progency of human parents" or "any direct descendant," or "a person who has not yet come of age." Webster's Third New International Dictionary 388 (1976).

Section 767.245(4) is also ambiguous when read in conjunction with sec. 880.155. Ambiguity can be created by the interaction of two separate, but related

statutes. *Kaiser v. City of Mauston,* 99 Wis. 2d 345, 361–62, 299 N.W.2d 259, 269 (Ct. App. 1980). Section 880.155, Stats., provides in part:

> **Visitation by grandparents.** If one or both parents of a minor child is deceased and the minor is in the custody of the surviving parent or any other person, any grandparent of the minor may petition for visitation privileges with respect to the minor, whether or not the person with custody is married.

A reading of sec. 767.245(4) as urged by Van Cleve would render sec. 880.155 superfluous because sec. 767.245(4) would include all of the situations covered in sec. 880.155. We avoid an interpretation that would render a statute superfluous. *State v. Wachsmuth,* 73 Wis. 2d 318, 324, 243 N.W.2d 410, 414 (1976).

Having determined that sec. 767.245(4) is ambiguous, we turn to an examination of the legislative history to determine the legislature's intent in creating sec. 767.245(4). *See State ex rel. Klinger v. Barid,* 56 Wis. 2d 460, 465–66, 202 N.W.2d 31, 34 (1972). We are fortunate to have the legislative intent clearly articulated. The bill that became sec. 247.24(1)(c), Stats., renumbered to sec. 767.245(4) as amended, contained an analysis by the Legislative Reference Bureau which stated:

> This bill codifies the authority of the court in actions affecting marriage to grant visitation privileges to grandparents where it is in the best interest of the child.

Legislative Reference Bureau file Ch. 122, Laws of 1975.

The draftsman's note further elaborates:

> The supreme court established in *Weichman v. Weichman,* 50 Wis. 2d 731, 734, 184 N.W.2d 882 (1970) and reaffirmed in *Ponsford v. Crute,* 56 Wis. 2d 407, 415, 202 N.W.2d 5 (1972), that the court in actions affecting the marriage may grant visitation privileges to grandparents and others where it is in the best interest of the child. Therefore, the treatment of s. 247.24(1) in the attached draft is merely a codification of existing law.

*Id.*

■

It is obvious from these analyses that the legislature did not intend that the state intervene in the parents' decision regarding their children's best interests when the family unit is intact. We, therefore, construe the right created in sec. 767.245(4) to be limited in its application to cases where an underlying action affecting the family unit has previously been filed.

There are strong public policy reasons supporting the legislature's intent that sec. 767.245(4) be so limited. It is appropriate for the state to protect the children's best interests by ordering visitation with appropriate adults to mitigate the trauma and impact of a dissolving family relationship.

In the absence of such factors, however, there is no justifiable reason for the state to override determinations made by parents as to what is in the best interests of their children. If the parents decide that a relationship with grandparents is contrary to those best interests, then the parents have the right to act in accordance with the decision without judicial intervention and review. While we acknowledge that such decisions are not always wisely made, decisions made by an intact family unit in regard to the children's

best interests must be respected unless such determinations are violative of the law.

*By the Court.*—Order affirmed.