IN RE the INTEREST OF Z.J.H.: Wendy R. SPORLEDER, Petitioner-Appellant,†

v.

Janice A. HERMES, Respondent.

Court of Appeals

*No. 89–2113. Oral argument April 11, 1990.—Decided July 24, 1990.*

(Also reported in 459 N.W.2d 602.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of and orally argued by *Shelley R. Gaylord* of *Gaylord & Schuett* of Madison.

†Petition to review granted.

On behalf of the respondent, the cause was submitted on the brief of and orally argued by *Daniel R. Cross* of *Robinson, Robinson, Peterson, Berk, Rudolph, Cross & Garde* of Appleton.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Wendy Sporleder, a single adult woman, appeals a summary judgment dismissing her family court action seeking physical placement and visitation of Z.J.H., DOB 1/19/88, the adopted minor son of Sporleder's former partner of eight years, Janice Hermes. The circuit court ruled that Sporleder's claims, based upon her alleged status as an "equitable" or "de facto" parent, and upon a written contract with Hermes providing for mediation of placement/visitation disputes, fell outside the statutory authority found in ch. 767, Stats., which regulates judicial awards of child custody, physical placement and visitation. The court also held that it lacked authority to enforce a contract that exceeds the legislative policy implicit in the language of ch. 767. We affirm the placement decision. *In re Soergel,* 154 Wis. 2d 564, 453 N.W.2d 624 (1990), holds that visitation privileges cannot be ordered where the child is part of an intact family. We also therefore affirm the denial of visitation.

Sporleder, who alleged in her petition that she was the primary parent and caretaker of the child from the time he was two months old until she and Hermes separated some nine months later, also alleges that Hermes thereafter refused without good cause to allow either physical placement or visitation despite both the best interests of the child and the terms of the agreement. The essential feature of the challenged agreement leading to the current standoff is the mutual promise that, in the event the parties separated, they would first mediate

physical placement and visitation of the child, and, absent a resolution, remain free to pursue relief through the courts.

This court is required to apply summary judgment methods just as the trial court did. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). Chapter 767, Stats., part of the Wisconsin family code, confers jurisdiction regarding actions affecting the family. Courts have no power to award custody of minor children other than that provided by statute. *In re Schwantes,* 121 Wis. 2d 607, 622, 360 N.W.2d 69, 76 (Ct. App. 1984).

Hermes, as the sole adoptive parent, stands in the shoes of a sole natural parent. Section 48.92(1), Stats., provides: "After . . . adoption . . . the relation of parent and child and all the rights, duties and other legal consequences of the natural relation of child and parent thereafter exists between the adopted person and the adoptive parents." The statute regulating custody and physical placement of a minor child of the parties as an action affecting the family is sec. 767.24, Stats. It reads in part as follows:

> Custody and physical placement. (1) General provisions. In rendering a judgment of annulment, divorce or legal separation, or in rendering a judgment in an action under s. 767.02(1)(e), the court shall make such provisions as it deems just and reasonable concerning the legal custody and physical placement of any minor child *of the parties,* as provided in this section.
>
> . . ..
> (4) Allocation of physical placement. (a) . . . [I]f the court orders sole or joint legal custody . . . the court shall allocate periods of physical placement

433

between the parties in accordance with this subsection. (Emphasis supplied.)

Sporleder maintains that she may maintain an action for custody (or physical placement) pursuant to sec. 767.02(1)(e), Stats., which defines a custody action as an action affecting the family. In order to succeed, Sporleder must establish that the phrase "minor child of the parties" is meant to include an equitable parent as one of the "parties." While many provisions of ch. 767 that regulate actions affecting the family have been substantially altered over the years, the reference in sec. 767.24 to a child "of the parties," is the same as it appeared in earlier statutes. *See, e.g.,* sec. 247.24, Stats. (1965). In *Sommers v. Sommers,* 33 Wis. 2d 22, 146 N.W.2d 428 (1966), the court overturned a custody award in a divorce action that placed the minor child with the county department of public welfare because the evidence failed to support the trial court's finding that the father was an unfit parent (it being undisputed that the mother was unfit). The court noted that sec. 247.24, Stats. (now sec. 767.24(1)) gave the court power to give the care and custody of the children to one of the parties to the action unless the parents are unable to adequately care for the child. *Sommers,* 33 Wis. 2d at 26, 146 N.W.2d at 430. After citing the additional statutory provision that allows the court to give the care and custody of a child to someone other than the "parents," the court said: "As a consequence, before a trial court can deprive the *natural parents* of custody, there must be findings supported by the evidence sufficient to show that both natural parents are either unfit or unable to adequately care for the children." *Id.* (Emphasis supplied.)

In a subsequent decision, *Ponsford v. Crute,* 56 Wis. 2d 407, 202 N.W.2d 5 (1972), where the grandparents of

a minor child sought custody as against the claim of the natural father, the court repeated its statement made in *Sommers* and added: "From the statute [sec. 247.24] and this court's construction of it in *Sommers v. Sommers* . . . as between . . . the *natural* father . . . and the . . . maternal grandparents, [the father] cannot be deprived of the custody of his minor child unless there is a finding that either he is unfit or is unable to care for the child." *Ponsford,* 56 Wis. 2d at 413, 202 N.W.2d at 8 (emphasis supplied) (footnote omitted).

Later, in *Barstad v. Frazier,* 118 Wis. 2d 549, 348 N.W.2d 479 (1984), the maternal grandmother of a minor child obtained custody in the trial court. The supreme court reversed and returned the child to its mother, holding: "The 'best interests of the child' is not the proper standard in custody disputes between a *natural* parent and a third party . . .." *Id.* at 554–55, 348 N.W.2d at 482 (emphasis supplied). Because the trial court had made a finding that the mother was not unfit, her right to custody could not be disturbed. The court explained: "Both this court and the United States Supreme Court have recognized that the relationship between a parent and a child is a constitutionally protected right." *Id.* at 556–57, 348 N.W.2d at 483. There is no doubt the court made reference to a natural parent. Similar to Sporleder's allegations here, *Barstad* noted that "[a] grandparent stands in a closer relationship to a child than one we normally think of as a 'third party.' " *See id.* at 555, 348 N.W.2d at 482. The court nevertheless held that as between a parent and grandparent, principles that apply to third parties are applicable in determining whether to deprive a parent of custody. Consistent with the holdings in the preceding decisions, "minor child of the parties" does not include a "third

party," even when that person has established a close parent-like relationship with the child.

The parties' contract cannot alter the statutory scheme. "When the legislative will is expressed in peremptory terms of a statute it is paramount and absolute and cannot be varied or waived by the private conventions of the parties." *Grams v. Melrose-Mindoro Joint School Dist. No. 1,* 78 Wis. 2d 569, 578, 254 N.W.2d 730, 735 (1977). Because the legislature has limited the custody/physical placement option to natural parents, we do not reach the constitutional issues a broader statute would invoke. We therefore affirm the trial court's ruling that denies Sporleder physical placement of Hermes' adopted minor son.

■

Sporleder's alternative pursuit of visitation is controlled by *Soergel,* a decision of the Wisconsin Supreme Court interpreting sec. 767.245(1), Stats., which provides:

> Upon petition by a grandparent, great-grandparent, stepparent or person who has maintained a relationship similar to a parent-child relationship with the child, the court may grant reasonable visitation rights to that person if the parents have notice of the hearing and if the court determines that visitation is in the best interest of the child.

*Soergel* holds that where the family unit is intact, the legislature had no intent to override the parents' determination that a relationship with a relative covered by sec. 767.245 would not be in the child's best interests. *Soergel,* 154 Wis. 2d at 571, 453 N.W.2d at 627. Although sec. 767.245 has been amended to include persons who have maintained a parent-child relationship, the *Soergel* ruling still limits the application of the stat-

ute to instances where a valid action affecting the family has been filed. The fact that Hermes is a single "natural" parent by virtue of a solo adoption in no way diminishes the intact nature of her family unit. She is therefore empowered to decide for the family what is in her son's best interests.

*By the Court.*—Judgment affirmed.