In re the Paternity of Nastassja L.H.-J.:

Patricia H.C., Appellant,

v.

Louise H., Respondent.

Court of Appeals

*No. 92–2681. Submitted on briefs July 21, 1993.—Decided December 2, 1993.*

(Also reported in 512 N.W.2d 189.)

For the appellant the cause was submitted on the briefs of *Gerald L. Wright* of La Crosse.

For the respondent the cause was submitted on the brief of *Ellen M. Frantz* of *Johns & Flaherty, S.C.* of La Crosse.

Before Eich, C.J., Dykman and Sundby, JJ.

DYKMAN, J.   This is a paternity case. But this appeal is from an order granting a petition for grandparental visitation. Louise H. obtained the order granting her visitation with her granddaughter, Nastassja H.-J. Patricia C., Louise H.'s daughter and Nastassja's

mother, appeals.[1] Nastassja's father, Jeffrey J., took no part in the trial court proceedings or in this appeal.

Patricia C. contends that sec. 767.245, Stats., does not give the trial court subject matter jurisdiction to hear a petition brought by a custodial parent's own parent. She also asserts that applying sec. 767.245 to her would violate her constitutional rights to due process of law and equal protection of the laws. We disagree, and therefore affirm.

Nastassja H.-J., a nonmarital child, was born in April 1987. She and her grandmother, Louise H., had a close relationship. While Patricia C. worked and attended school, Nastassja stayed with Louise H. She also spent some overnights with her grandmother. In October 1991, Patricia C. terminated Nastassja's relationship with her grandmother, and shortly thereafter, Louise H. petitioned the court, in this paternity case, for grandparental visitation. A guardian ad litem was appointed, and hearings were held. The court concluded that visitation with her grandmother was in Nastassja's best interest and granted Louise H.'s petition.

Citing *In re Soergel*, 154 Wis. 2d 564, 571-73, 453 N.W.2d 624, 626-27 (1990), Patricia C. argues that sec. 767.245, Stats., permits grandparental visitation only where there is an underlying action affecting the family and the family unit is not intact. She asserts that this paternity action is not a proceeding in which there is a dissolution of family ties affecting Nastassja.

---

[1] Because the order took the form of an order denying Patricia C.'s motion to dismiss for lack of jurisdiction, we asked the parties to brief whether the trial court's order was final. By order dated February 5, 1993, we concluded that due to the unusual chronology of this case, the order was final and we have jurisdiction over this appeal.

We disagree. The supreme court has recently revisited the issue of nonparental visitation under sec. 767.245, Stats., in *Cox v. Williams*, 177 Wis. 2d 433, 502 N.W.2d 128 (1993). We conclude that *Cox* is dispositive here.

Section 767.245, Stats., provides:

(1) Upon petition by a grandparent, great-grandparent, stepparent or person who has maintained a relationship similar to a parent-child relationship with the child, the court may grant reasonable visitation rights to that person if the parents have notice of the hearing and if the court determines that visitation is in the best interest of the child.

(2) Whenever possible, in making a determination under sub. (1), the court shall consider the wishes of the child.

The facts in *Cox* were as follows: Dan Williams and Sally Cox were divorced in 1986. Both parties were found fit to have custody of their three-and-one-half-year-old child, Brad. Dan was awarded custody of Brad. Sally was granted visitation. In 1988, when Dan was diagnosed as having brain cancer, Sally petitioned for joint custody of Brad. In 1990, Dan married Debbie Williams. Although Dan and Sally agreed to amend the divorce judgment to give Sally an enhanced visitation schedule, Sally's motion was pending at Dan's death on December 31, 1990. Shortly thereafter, the trial court transferred custody of Brad to Sally. Almost immediately, Debbie petitioned for stepparental visitation pursuant to sec. 767.245, Stats. The circuit court concluded that it lacked authority to consider Debbie's petition. We reversed. The supreme court reversed, concluding that the trial court lacked authority to consider Debbie's petition because there was no

underlying action affecting the family and Brad's family was intact. 177 Wis. 2d at 439-40, 502 N.W.2d at 130.

The *Cox* court concluded that Dan's death terminated the underlying action affecting the family, and, therefore, the circuit court's postjudgment authority over Brad's visitation expired. *Id.* But here, the underlying paternity action continues to this day. Should Jeffrey J. cease making support payments, the circuit court could entertain a contempt motion. Sections 767.475(8) and 767.30(1) and (3), Stats. Custody may be determined in a paternity case. Section 767.51(3), Stats. Paternity proceedings are nearly identical to divorce proceedings, *see* sec. 767.475(8), except that divorce proceedings may have additional issues of property division and maintenance. Had this been a divorce action, no one would question the applicability of sec. 767.245, Stats. Given the court's discussion of "underlying action" in *Cox*, there is no question that had Dan lived, the court would have determined that the "underlying action" requirement had been met. We therefore conclude that this paternity case meets the first prong of the *Cox* test.

The second circumstance *Cox* required for sec. 767.245, Stats., to be applicable is that there be a nonintact family. The court considered Brad's family to be intact because the parental relationship existed solely between Sally and Brad, "*i.e.*, between the natural mother and child." 177 Wis. 2d at 440, 502 N.W.2d at 130. In *Van Cleve v. Hemminger*, 141 Wis. 2d 543, 549-50, 415 N.W.2d 571, 573-74 (Ct. App. 1987), a case relied on by the majority in *Cox*, we concluded that a father, mother and two children living together were an intact family, making sec. 767.245 inapplicable to a

suit in which a grandmother asserted a right to visit her grandchildren. In determining what constituted a "family," *Cox* focused on biological relationships. 177 Wis. 2d at 440, 502 N.W.2d at 130. The "family" referred to is the family of the child: "Brad's family is intact because the parental relationship exists solely between Sally and Brad . . . ." *Id.*

Biologically speaking, Nastassja's family consists of her mother, her father and her grandmother. However, that family is not intact because Nastassja's father does not live with her mother. We conclude that Nastassja's family is not intact, and because we have also concluded that this paternity action is an underlying action affecting Nastassja's family, Louise H. is entitled to the benefits of sec. 767.245, Stats. Accordingly, the trial court had competency to grant her petition for grandparental visitation.

Patricia C. next argues that if we apply sec. 767.245, Stats., to permit Louise H. to obtain a visitation order, we will violate her constitutional rights. Patricia C. does not identify which constitution she believes will be violated, and she concedes that she has not notified the attorney general of this lawsuit. She denies knowledge of any requirement that she notify the attorney general.

In *In re C.A.S.*, 161 Wis. 2d 1015, 1024-25, 468 N.W.2d 719, 722-23 (1991), the court examined and affirmed the rule enunciated in *Kurtz v. City of Waukesha*, 91 Wis. 2d 103, 116-17, 280 N.W.2d 757, 764-65 (1979), that if a statute is alleged to be unconstitutional, the party asserting unconstitutionality must serve the attorney general with a copy of the proceeding. That has not been done here. Accordingly, we

671

decline to consider Patricia C.'s assertion that sec. 767.245, Stats., is unconstitutional because it denies her due process and equal protection of the laws.

*By the Court.*—Order affirmed.