IN RE the MATTER OF GRANDPARENT VISITATION OF:

Zachary Paul HEGEMANN and Benjamin David
Glascock:

Diana MARQUARDT, Plaintiff-Appellant-Cross-
Respondent,

v.

Karen HEGEMANN-GLASCOCK, Defendant-Respondent-
Cross-Appellant.

Court of Appeals

*No. 94–1671. Submitted on briefs December 12,
1994.—Decided December 28, 1994.*

(Also reported in 526 N.W.2d 834.)

448

For the plaintiff-appellant-cross-respondent the cause was submitted on the briefs of *Rand Krueger*, Wausau.

For the defendant-respondent-cross-appellant the cause was submitted on the brief of *Ronald J. Moore*, *Ronald J. Moore Law Office*, Wausau.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.    Diana Marquardt appeals an order dismissing her petition for grandparent visitation with her daughter's two children. Marquardt contends the trial court erred by dismissing her petition for visitation because: (1) an underlying action affecting the children's family was previously filed, and (2) the children are not part of an intact family. Karen Hegemann-Glascock cross-appeals, arguing that Marquardt should have known her petition for visitation could not be supported by a good faith argument and that her claim is therefore frivolous. Accordingly, Karen contends that the trial court erred by denying her motion for reasonable attorney fees. Because we conclude that there is no merit to Marquardt's contentions and that the trial court properly found that there was no evidence showing that Marquardt filed her petition in bad faith, we affirm the trial court's order.

The facts giving rise to this appeal are essentially undisputed. Karen is married to David Glascock and has two children, Zachary and Benjamin. David is Zachary's stepfather and Benjamin's biological father. Marquardt, Karen's mother, is the grandmother of Zachary and Benjamin.

Prior to Karen and David's marriage, a paternity action was held in Milwaukee County establishing Patrick L. Cwiklinski as Zachary's biological father.

Although Cwiklinski is under a continuing obligation to pay child support, he has never visited nor acted as Zachary's father. Approximately four years after the paternity action, Karen married David, and Benjamin was born thereafter. Both children have resided with David and Karen since their marriage, and David has acted as the father to both children.

On November 18, 1993, Marquardt filed a petition for grandparent visitation pursuant to § 767.245, STATS. Marquardt alleged that despite the fact that she had maintained a long-term, normal and healthy relationship with her grandchildren, Karen would no longer allow her to visit the children. Accordingly, she petitioned the court to allow her to visit her grandchildren pursuant to a court-ordered visitation schedule. The trial court, however, found that Marquardt lacked standing to bring the petition and granted Karen's motion to dismiss.

Whether Marquardt has a right to court ordered visitation with her grandchildren pursuant to § 767.245, STATS., involves the interpretation of a statute and its application to undisputed facts. This is a question of law that we review without deference to the trial court. *Chang v. State Farm Auto. Ins. Co.*, 182 Wis. 2d 549, 560, 514 N.W.2d 399, 403 (1994).

In Wisconsin, it is well established that "[o]ne of the rights parents have as a result of the natural relation of parent and child is the right to determine whether a relationship with the grandparents, or any other person, is contrary to the child's best interests." *In re Soergel*, 154 Wis. 2d 564, 574, 453 N.W.2d 624, 628 (1990). Nevertheless, the state may order parents to provide a grandparent with child visitation under

some circumstances. Section 767.245(1), STATS., provides:

> Upon petition by a grandparent, greatgrandparent, stepparent or person who has maintained a relationship similar to a parent-child relationship with the child, the court may grant reasonable visitation rights to that person if the parents have notice of the hearing and if the court determines that visitation is in the best interest of the child.

Although the language of the statute itself does not limit a grandparent's right to petition for visitation, cases interpreting the statute have specifically defined the purpose and scope of § 767.245, STATS. The first case to do so was *Van Cleve v. Hemminger*, 141 Wis. 2d 543, 546-49, 415 N.W.2d 571, 573-74 (Ct. App. 1987). In *Van Cleve*, we reviewed the legislative history of § 767.245 and concluded that "the legislature did not intend that the state intervene in the parents' decision regarding their children's best interests when the family unit is intact." *Id.* at 549, 415 N.W.2d at 573. Therefore, we held that a grandparent does not have standing to petition the court for visitation unless "an underlying action affecting the family unit has previously been filed." *Id.*; *accord Soergel*, 154 Wis. 2d at 570, 453 N.W.2d at 626.

Here, Marquardt first argues that because Zachary's biological father, Cwiklinski, is under a continuing obligation to pay child support, the paternity action between Cwiklinski and Karen is still alive. Therefore, Marquardt contends that there is an underlying action affecting the children's family unit. This argument misses the point of *Van Cleve*.

As our supreme court explained in *In re Z.J.H.*, 162 Wis. 2d 1002, 1022, 471 N.W.2d 202, 210 (1991):

> The rationale behind [*Van Cleve* and *Soergel*] was that the legislature did not intend to override a parent's determination of visitation unless an underlying action affecting the family unit had been filed, because in such an instance, ordering visitation with non-parents may help to mitigate the trauma and impact of a dissolving family relationship.

Thus, unless a previously filed action threatens to expose the children to the trauma of a dissolving family relationship, there is no justification for the state to interfere with the parents' decisions regarding what is in the best interest of their children. *See id.*

In this case, Marquardt has made no showing that the paternity action between Karen and Cwiklinski threatens to expose Zachary and Benjamin to the trauma and impact of a dissolving family relationship. In fact, the record shows quite the opposite. At the time Marquardt filed her petition for visitation, Zachary and Benjamin were living with Karen and David as part of an intact family unit. David and Karen were married, and David was fulfilling the function of father and provider to both children. Therefore, because Marquardt failed to show that the paternity action threatened the integrity of Zachary and Benjamin's family unit, the existence of the paternity action is not sufficient to meet the legal criteria enunciated in *Van Cleve.*

Marquardt, however, contends that because David is not Zachary's biological father, the children are not part of an intact family. As we have already noted, Zachary and Benjamin have lived with David and Karen for several years, and David has acted as father

453

to both children during that time. Further, we note that although Zachary's biological father remains obligated to pay child support, David is the only father that Zachary and Benjamin have ever known. Given these circumstances, we conclude that Zachary and Benjamin's family is intact, despite the fact that David is not Zachary's biological father. Therefore, the trial court properly dismissed Marquardt's petition for lack of standing.

On cross-appeal, Karen contends that Marquardt's petition for visitation and subsequent appeal were frivolous. Accordingly, she requests that we impose costs under § 814.025, STATS., for the filing of a frivolous appeal. We decline to do so. Marquardt's petition for visitation sought to limit the definition of an intact family solely to biological families. While we do not agree that this is a valid principle of law, we cannot say that Marquardt's desire to test the parameters of the legal definition of an intact family is so without merit that costs should be imposed. Accordingly, we affirm the trial court's dismissal of Marquardt's petition and decline to order costs based upon Karen's assertion that Marquardt's appeal was frivolous.

*By the Court.*—Order affirmed.