925 P.2d 738

In the Matter of the APPEAL IN MARICOPA COUNTY, JUVENILE ACTION NO. JA–502394.

No. 1 CA–JV 95–0068.

Court of Appeals of Arizona, Division 1, Department B.

May 7, 1996.

As Corrected June 13, 1996.

Review Denied Oct. 21, 1996.

Barry G. Nelson, Tucson, for Petitioner.

Andrew G. Galasky, P.C. by David B. Medansky, Tempe, for Respondent.

## OPINION

THOMPSON, Presiding Judge.

A maternal grandmother who was denied visitation rights with her grandchild pursuant to Ariz.Rev.Stat.Ann. ("A.R.S.") § 25–337.01 challenges the trial court's ruling. We affirm for the following reasons.

## FACTS AND PROCEDURAL HISTORY

In May 1990, D.C. gave birth to J.K. and fell into a coma shortly thereafter. She remained in a coma until her death on April 26, 1994. The natural father, whose name is not entered on J.K.'s birth certificate, has had no contact with J.K. since before the child's first birthday. The parental rights of both parents were terminated in 1992. That same year, Respondents M.C. and C.C. ("respondents") formally adopted J.K.

M.C., D.C.'s father, and C.C., D.C.'s stepmother, have been the primary caretakers and guardians of J.K. since his birth. Following their adoption of J.K., Petitioner B.C. ("petitioner"), J.K.'s natural maternal grandmother, sought visitation rights with J.K. She had visited J.K. an average of four times a year following the child's birth. However, respondents denied her any further contact with J.K. following a personal dispute.

Petitioner contended in her petition for visitation rights that she was entitled to visitation under A.R.S. § 25–337.01. Respondents claimed that § 25–337.01 did not authorize the court to grant visitation rights to grandparents following an adoption, and filed a motion to dismiss. The court granted the motion, stating only that the petitioner could "assert no post-adoption visitation under the law." Petitioner thereafter filed a motion for reconsideration, which the court denied.

Petitioner timely appeals to this court.

## DISCUSSION

The sole issue raised by this appeal is whether petitioner may properly claim visitation rights with J.K. pursuant to A.R.S.

§ 25–337.01.[1] Petitioner argues that she is entitled to visitation rights with J.K. under A.R.S. § 25–337.01(A) because it would be in the best interests of the child and the child was born out of wedlock. A.R.S. § 25–337.01 provides in pertinent part:

A. The superior court may grant the grandparents of the child reasonable visitation rights to the child during his minority on a finding that the visitation rights would be in the best interests of the child and any of the following are true:

\*  \*  \*  \*  \*  \*

3. The child was born out of wedlock.

\*  \*  \*  \*  \*  \*

D. All visitation rights granted under this section automatically terminate if the child has been adopted or placed for adoption. . . .

Respondents maintain that once an adoption has been entered, A.R.S. § 25–337.01(D) automatically terminates *all* grandparental visitation rights. Their contention is essentially that, following an order of adoption, a natural grandparent lacks standing to petition for visitation. Petitioner maintains that subsection D of the statute simply terminates previously granted visitation rights; it does not prevent a grandparent from seeking to establish visitation after an adoption has been entered.

The issue whether a grandparent has standing to petition for visitation rights after adoption of the grandchild has been expressly addressed by other jurisdictions. *See, e.g., In re Niskanen,* 301 Minn. 53, 223 N.W.2d 754, 756 (1974); *Bopp v. Lino,* 110 Nev. 1246, 885 P.2d 559, 561–62 (1994); *State ex rel. Costello v. Cottrell,* 318 Or. 338, 867 P.2d 498, 500 (1994); *In re Custody of B.S.Z–S.,* 74 Wash.App. 727, 875 P.2d 693, 695 (1994); *In re Marriage of Soergel,* 154 Wis.2d 564, 453 N.W.2d 624, 627–28 (1990). However, we do not reach the question of standing in the present case because J.K.'s status does not allow visitation to be sought under the statute. Petitioner pursued visitation pursuant

---

1. In applying a statute, we have long held that its words are to be given their ordinary meaning, unless the legislature has given its own definition of the words or it appears from the context that a special meaning was intended. *Mid Kansas Fed. Sav. & Loan Ass'n v. Dynamic Dev. Corp.,* 167 Ariz. 122, 128, 804 P.2d 1310, 1316 (1991).

to A.R.S. § 25–337.01(A)(3), which requires that a child be born out of wedlock for a grandparent to be granted visitation rights. Following J.K.'s adoption, J.K.'s legal status is that of a natural child, born in lawful wedlock to respondents. A.R.S. § 8–117(A).[2] Therefore, § 25–337.01(A)(3) is not applicable.[3]

■ Grandparental visitation rights are purely a creature of statute. Prior to enactment of A.R.S. § 25–337.01, grandparents had no legal rights to visitation with their grandchildren. *Sands v. Sands,* 157 Ariz. 322, 323, 757 P.2d 126, 127 (App.1988). Because none of the necessary factual situations listed in A.R.S. § 25–337.01(A) could be found in this case, the superior court could not grant petitioner visitation rights with J.K. Continuation of contact with the natural grandmother is therefore a matter wholly within the discretion of the adoptive parents. While we recognize that a grandparent's love, acceptance and care may complement the role of parents, petitioner has no legal right to visitation outside the statutory dictates of A.R.S. § 25–337.01. *Finck v. O'Toole,* 179 Ariz. 404, 407, 880 P.2d 624, 627 (1994); *In re Marriage of Herreras,* 159 Ariz. 511, 512, 768 P.2d 673, 674 (App.1989).

## CONCLUSION

For the foregoing reasons, we affirm the trial court's dismissal of petitioner's action.

EHRLICH, J., concurs.

KLEINSCHMIDT, Judge, concurring:

I agree with the majority that the trial court was correct in dismissing the petition. I do not agree with the way the majority interprets A.R.S. section 25–337.01(A)(3), the

provision which permits grandparents to seek visitation with a grandchild born out of wedlock. The majority concludes that the grandparent has no standing to seek visitation in this case because the adoption of the child removed the child from the status of one born out of wedlock. I think that the child remains a child born out of wedlock as that term is used in A.R.S. section 25–337.01 even after it is adopted. If grandparents' visitation rights are terminated when a child is adopted, it is because subsection D of section 25–337.01(A)(3) expressly provides for termination in that circumstance.

For me, the real question is whether adoption merely terminates grandparents' previously granted visitation rights but does not prevent grandparents from seeking to establish visitation after an adoption has been entered, or whether adoption cuts off a grandparents' visitation rights forever. I believe the statute terminates grandparents' visitation rights forever.

The legislature has established a strong policy in favor of allowing an adopted child and the child's new parents to make a clean break with the child's past. Arizona Revised Statutes sections 8–117(A) and (B) provide:

A. Upon entry of the decree of adoption, the relationship of parent and child and all the legal rights, privileges, duties, obligations and other legal consequences of the natural relationship of child and parent shall thereafter exist between the adopted person and the adoptive petitioner the same as though the child were born to the adoptive petitioner in lawful wedlock. The adopted child shall be entitled to inherit real and personal property from and through the adoptive petitioner and the

**2.** A.R.S. § 8–117(A) provides:

Upon entry of the decree of adoption, the relationship of parent and child and all the legal rights, privileges, duties, obligations and other legal consequences of the natural relationship of child and parent shall thereafter exist between the adopted person and the adoptive petitioner the same as though the child were born to the adoptive petitioner in lawful wedlock. The adopted child shall be entitled to inherit real and personal property from and through the adoptive petitioner and the adoptive petitioner shall be entitled to in-

herit real and personal property from and through the adopted child the same as though the child were born to the adoptive petitioner in lawful wedlock.

**3.** While we appreciate that A.R.S. § 8–117(A) cannot change a physiological fact that a child was born to unmarried parents by pretending such was not so, *see concurring opinion* at p. 599, 925 P.2d at p. 740, the statute does effectually mandate that, *after adoption and ever after, the child is indeed, before the law, born within* "lawful wedlock."

adoptive petitioner shall be entitled to inherit real and personal property from and through the adopted child the same as though the child were born to the adoptive petitioner in lawful wedlock.

B. Upon entry of the decree of adoption, the relationship of parent and child between the adopted person and the persons who were his parents just prior to the decree of adoption shall be completely severed and all the legal rights, privileges, duties, obligations and other legal consequences of the relationship shall cease to exist, including the right of inheritance, except that where the adoption is by the spouse of the child's parent, the relationship of the child to such parent shall remain unchanged by the decree of adoption.

The policy of the statute seems clear. The adoption of a child completely destroys the rights of the natural parents to the child. If the parents' rights are terminated, so must be the grandparents' rights, because the statute is obviously intended to provide a new beginning for the child and the child's new family. *In re Marriage of Soergel,* 154 Wis.2d 564, 453 N.W.2d 624, 627 (1990), presented this very issue of a grandparent's right to visit a child which had been adopted. The Wisconsin statutes reflected the same policies as do our own. The court concluded that the grandparent had no right to visitation, saying that adoption "has the effect of severing all rights of the adopted child's birth *family* to the child." (Emphasis added.) Other courts, presented with the identical question, have reached the same conclusion. *See Robinson v. Zink,* 74 Wash.App. 727, 875 P.2d 693 (1994); *Bond v. Yount,* 47 Wash.App. 181, 734 P.2d 39 (1987); and *Bopp v. Lino,* 110 Nev. 1246, 885 P.2d 559 (1994).

The only right to visitation a grandparent has derives from A.R.S. section 25–337.01 and there is nothing in that statute which suggests that it was intended to supersede the policy embodied in A.R.S. section 8–117.