Celeste Marie JOEL, et al., Petitioners,
Respondents,

v.

Lenora Lynn WELLMAN,
et al., Appellants.

No. C7–96–43.

Court of Appeals of Minnesota.

July 30, 1996.

Elizabeth A. Schading, Barna, Guzy & Steffen, Ltd., Coon Rapids, for Respondents.

Barbara N. Nevin, Milavetz, Gallop & Milavetz, P.A., Edina, for Appellants.

Considered and decided by LANSING, P.J., and SCHUMACHER and DAVIES, JJ.

## OPINION

LANSING, Judge.

The district court determined that grandparents had standing to petition for visitation with two grandchildren. Section 257.022 provides standing to petition for visitation with the older grandchild who resided with the grandparents, but neither the statute nor the common law provides standing for a petition on the younger child who did not reside with the grandparents. We remand for findings on whether visitation would serve the older child's best interests and not interfere with the parent-child relationship.

## FACTS

Celeste and Robert Joel are the maternal grandparents of two children, B.W. and A.W. Lenora and Jerry Wellman are the children's parents. B.W. and his mother intermittently lived with the grandparents after his birth in July 1990 until about 1992. Lenora Wellman married Jerry Wellman in October 1993. Jerry Wellman adopted B.W. in July 1994. A.W. was born to the Wellmans in September 1994.

In September 1995, after extended discord with their daughter, the grandparents petitioned the district court for visitation with B.W. and A.W. The parents opposed the petition. The district court held a hearing to determine standing and concluded that the grandparents had standing under section 257.022 to petition for visitation with B.W. and standing under common law derivative rights to petition for visitation with A.W. The parents appeal.

## ISSUES

I. Do the grandparents have standing to petition for visitation under section 257.022 because B.W. lived with them for twelve months?

II. Do the grandparents have standing to petition for visitation with A.W. under common law derivative rights?

## ANALYSIS

Standing goes to the existence of a cause of action and, when the facts are not disputed, is a legal issue that this court may determine. *State by McClure v. Sports & Health Club,* 370 N.W.2d 844, 850 (Minn. 1985); *In re Implementation of Util. Energy Conservation Improvement Programs,* 368 N.W.2d 308, 312 (Minn.App.1985). This appeal raises only the issue of standing. We do not consider the merits of the visitation petition.

## I

Grandparents may seek visitation if a child "resided with" them "for a period of 12 months or more * * *." Minn.Stat. § 257.022, subd. 2a (1994). The parties agree that B.W. and his mother lived with the grandparents, but they disagree about how to measure the duration. The grandparents assert that B.W. and his mother lived with them from approximately May 1990 until October 1993. The mother contends they lived together only intermittently from July 1990 until March 1992. The district court found that B.W. and his mother lived with the grandparents for more than twelve months but did not specify which months or whether the months were consecutive.

The parents argue that section 257.022 does not confer standing when the months of residence were not consecutive. But the statute does not require a consecutive time period. A court may not add language that the drafters forgot or overlooked. *Ullom v. Independent Sch. Dist. No. 112,* 515 N.W.2d 615, 617 (Minn.App.1994). The statute requires "a period of 12 months or more," and we may not change the meaning by adding the term "consecutive."

The parents also argue that the undefined term "reside with" creates an ambiguity. But the asserted ambiguity is an attempt to read a requirement of "custodial residence" into the statute. A statute is ambiguous only if "susceptible to more than one reasonable interpretation." *Phelps v. Commonwealth Land Title Ins.,* 537 N.W.2d 271, 274 (Minn.1995). Section 257.022, subd. 2a, has one reasonable interpretation: the grandchild must live with the grandparents for at least twelve months. If a statute is clear and unambiguous on its face, we are obligated to "give effect to its plain meaning." *Green Giant Co. v. Commissioner of Revenue,* 534 N.W.2d 710, 712 (Minn.1995). The grandparents have standing under section 257.022, subd. 2a, to petition for visitation with B.W.

## II

The younger child, A.W., did not live with the grandparents; his parents are married and are not seeking a divorce. The grandparents do not meet the requirements of section 257.022. Their basis for standing, if any, is through a common law derivative right.

Under the common law, grandparents' rights to visitation are derivative through their children, the parents. *In re Welfare of R.A.N.,* 435 N.W.2d 71, 72 (Minn. App.1989). Grandparents, under the common law, have "virtually no legal right" to form a relationship with their grandchildren against the parents' wishes. *Olson v. Olson,* 534 N.W.2d 547, 549 (Minn.1995). The common law denies grandparents visitation when the parents object. *Olds v. Olds,* 356 N.W.2d 571, 573 (Iowa 1984); *Cox v. Stayton,* 273 Ark. 298, 619 S.W.2d 617, 621 (1981).

Courts are reluctant to create an exception to the common law that would undermine an intact family. *See In re Matter of Hegemann,* 190 Wis.2d 447, 526 N.W.2d 834, 836 (Ct.App.1994) (holding grandmother lacked standing for visitation with children in an intact family); *Roberts v. Ward,* 126 N.H. 388, 493 A.2d 478, 483 (1985) (holding that grandparent may petition for visitation only when meaningful relationship has formed without a traditional nuclear family); *see also Prince v. Massachusetts,* 321 U.S. 158, 166, 64 S.Ct. 438, 442, 88 L.Ed. 645 (1944) (parents, not state, provide primary care of children). The common law does not provide standing for the grandparents to petition for visitation with A.W.

## DECISION

Grandparents have statutory standing to petition for visitation with a grandchild who lived with them for twelve nonconsecutive months. On remand the district court must determine B.W.'s best interests and whether visitation would interfere with the parent-child relationship. Minn.Stat. § 257.022, subd. 2a. Grandparents, who did not live with the grandchild, lack standing under the common law to petition for visitation with the grandchild against the parents' wishes.

**Affirmed in part, reversed in part, and remanded.**