**Terry L. GALE, Appellant,**

v.

**Dorothy N. RITTENHOUSE, et al., Respondents.**

**No. A04–7.**

Court of Appeals of Minnesota.

Sept. 7, 2004.

Gordon P. Heinson, Theresa A. Peterson, Fabyanske, Westra & Hart, P.A., Minneapolis, MN, for appellant.

Robert C. Hoene, John P. Worrell, Hoene & Krause, St. Paul, MN, for respondents.

Considered and decided by WRIGHT, Presiding Judge; KALITOWSKI, Judge; and PARKER, Judge.

## OPINION

PARKER, Judge.*

Appellant challenges the district court's decision to grant summary judgment to respondent on the basis that appellant lacked standing to bring the action in district court. We affirm.

## FACTS

The parties entered into a limited partnership agreement forming Nina Properties in 1981. The partnership agreement

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

designated respondent Dorothy Rittenhouse as limited partner and her daughter, appellant Terry Gale (formerly Terry Rittenhouse), as general partner. The partnership agreement provided that "[a] General Partner may be removed from the Partnership as General Partner, with or without cause, upon the majority vote of the Limited Partners[ ] ... the General Partner may be replaced by a vote of a majority in interest of the Limited Partners." On July 22, 2002, Rittenhouse, the sole limited partner, voted to remove Gale as general partner effective August 10, 2002. Gale received a copy of the vote informing her that Rittenhouse voted to remove her as general partner. On September 6, Rittenhouse appointed SAM Group, LLC as replacement general partner effective August 10. Under the partnership agreement,

> [I]f a replacement General Partner has been appointed, the departing General Partner shall sell its Partnership interest to the replacement General Partner at a purchase price based on the fair market value.... The fair market value shall be determined by agreement between the departing General Partner and the replacement General Partner within 90 days of departure, or if no agreement is reached, it shall be determined upon arbitration.

SAM offered to purchase Gale's partnership interest, but Gale declined the offer and presented a counteroffer. The parties attempted unsuccessfully to reach an agreement in January 2003, well over 90 days after Gale's departure on August 10, 2002. But neither party initiated arbitration proceedings.

Gale filed a complaint alleging that (1) the partnership was dissolved in either 1997 or 2002 and (2) she is entitled to 50% interest in the partnership's assets. Rittenhouse filed a counterclaim alleging that Gale waived her right to arbitrate the fair market value of her interest in the partnership by filing a civil action in district court. Both parties moved for summary judgment. The district court concluded that Gale had not waived her right to arbitrate the fair market value of her partnership interest and granted summary judgment in favor of Gale on Rittenhouse's counterclaim. The district court also granted summary judgment in favor of Rittenhouse on Gale's complaint, concluding that Gale did not have standing to bring a district court action under the limited partnership agreement or the uniform limited partnership act. Gale now appeals.

## ISSUE

Did Gale have standing to bring an action in district court under the limited partnership agreement or the uniform limited partnership act?

## ANALYSIS

Gale asserts that she had standing to seek a declaratory judgment that the partnership was dissolved as a matter of law under section 322A.63 of the uniform limited partnership act and sections 13.6 and 14.1(02) of the limited partnership agreement. *See* Minn.Stat. § 322A.63 (2002). The district court, however, construed Gale's complaint as an action for judicial dissolution of the partnership under section 322A.64 (2002) and determined that because Gale was a removed partner she lacked standing to bring an action under the uniform limited partnership act. The district court further determined that "[t]he partnership agreement clearly provides that the purchase price of the removed partner's partnership interest shall be determined by arbitration."

Whether a party has standing to sue is a question of law, which appellate

courts review de novo. *Joel v. Wellman,* 551 N.W.2d 729, 730 (Minn.App.1996), *review denied* (Minn. Oct. 29, 1996). "Standing is the requirement that a party has a sufficient stake in a justiciable controversy to seek relief from a court." *State by Humphrey v. Philip Morris Inc.,* 551 N.W.2d 490, 493 (Minn.1996). "[A] party whose legitimate interest is 'injured in fact' has standing unless the legislature has indicated that the interest asserted is not to be protected." *Annandale Advocate v. City of Annandale,* 435 N.W.2d 24, 27 (Minn.1989) (quoting *Snyder's Drug Stores, Inc. v. Minn. State Bd. of Pharmacy,* 301 Minn. 28, 32, 221 N.W.2d 162, 165 (1974)). Pleadings are interpreted according to their plain meaning and the general rules of pleading. *See Moreno v. Crookston Times Printing Co.,* 610 N.W.2d 321, 327 (Minn.2000).

█ In her complaint, Gale requests the district court to grant "a declaratory judgment determining that the Partnership must be dissolved, terminated and liquidated." This language is ambiguous as to whether Gale sought a judicial dissolution or a determination that a nonjudicial dissolution occurred under the uniform limited partnership act. The uniform limited partnership act provides that the plaintiff in a derivative action:

> [M]ust be a partner at the time of bringing the action and (1) at the time of the transaction of which complaint is made or (2) plaintiff's status as a partner had devolved by operation of law or pursuant to the terms of the partnership agreement from a person who was a partner at the time of the transaction.

Minn.Stat. § 322A.80 (2002) (emphasis added). Gale concedes that she was removed as general partner in 2002, but argues that she remained a limited partner after her removal. We disagree. Gale's contention that she remains a limited partner is unsupported by Minnesota authority, and the plain language of the partnership agreement clearly provides that Gale is solely entitled to a determination of the fair market value of her partnership interest in the event that she and SAM cannot agree on the value within 90 days.

█ Moreover, where the parties evince a clear intent to arbitrate a controversy through specific provisions of the limited partnership agreement, the matter is for the arbitrator(s) to determine and not the court; if the parties intent is reasonably debatable as to the scope of the arbitration clause, then the arbitrators must initially determine arbitrability. *Johnson v. Piper Jaffray, Inc.,* 530 N.W.2d 790, 795 (Minn. 1995); *Atcas v. Credit Clearing Corp. of Am.,* 292 Minn. 334, 341, 197 N.W.2d 448, 452 (1972); *Layne–Minnesota Co. v. Regents of Univ. of Minn.,* 266 Minn. 284, 289, 123 N.W.2d 371, 375–76 (1963).

The partnership agreement provides that, "[t]he fair market value shall be determined by agreement between the departing General Partner and the replacement General Partner within 90 days of departure, or if no agreement is reached, it shall be determined upon arbitration." The parties' intent is clear, and the fair market value of Gale's partnership interest must be determined through arbitration pursuant to the limited partnership agreement. Accordingly, the district court properly concluded that summary judgment was appropriate because the issue must be decided through arbitration.

## DECISION

We affirm the district court's determination that Gale lacked standing to bring her action in district court. The nature, extent, and fair market value of Gale's partnership interest as of August 10, 2002,

must be determined through arbitration as provided by the partnership agreement.

**Affirmed.**