In re the marriage of: August D. Lubinski,
Petitioner-Respondent,

v.

Colleen M. Lubinski (O'Rourke),
Respondent-Appellant.

Court of Appeals

*No. 2007AP1701. Submitted on briefs August 13, 2008.
—Decided September 25, 2008.*

2008 WI App 151

(Also reported in 761 N.W.2d 676.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Kent A. Tess-Mattner* of *Schmidt, Rupke, Tess-Mattner & Fox, S.C.*, Brookfield.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Michael A. Baird* of *Stupar, Schuster & Cooper, S.C.*, Milwaukee.

Before Dykman, Vergeront and Bridge, JJ.

¶ 1. DYKMAN, J. Colleen O'Rourke appeals from an order granting an injunction against her which ordered O'Rourke to strictly comply with the physical placement schedule for her son while August Lubinski, her ex-husband, is in active duty in the military. The order also grants the petition of Lubinski's wife, Jenny Lubinski, for stepparent visitation, under the same schedule and in the same manner as Lubinski would exercise physical placement were he not called to active duty. O'Rourke contends that (1) Lubinski did not have standing to file his motion, and Jenny Lubinski did not have standing to file her petition, because O'Rourke had not yet interfered with the placement schedule or denied visitation; (2) the trial court erred by granting the motion and petition without holding an evidentiary hearing; and (3) the trial court's decision was an erroneous exercise of its discretion. We conclude that the

397

trial court applied incorrect legal standards in granting the motion and the petition, and therefore erroneously exercised its discretion.[1] Accordingly, we reverse and remand with directions to deny the motion and petition.

## Background

¶ 2. The following facts are undisputed.[2] Lubinski and O'Rourke were divorced in June 2000. Following their divorce, Lubinski and O'Rourke agreed to a placement schedule for their son, Kevin. The schedule was incorporated in a court order. The placement schedule provides that O'Rourke has primary physical placement of Kevin during the school year and Lubinski has primary physical placement of Kevin during the summer break.

¶ 3. Lubinski was ordered to report for active duty in the military in June 2007. He expected to be overseas for at least one year. He met with O'Rourke and requested that she comply with their placement order during his absence, and she refused to do so. Lubinski

---

[1] Because we conclude that the trial court erred in enforcing placement and granting stepparent visitation under the statutes, we need not address O'Rourke's other claims of trial court error.

[2] We note that, as O'Rourke argues, the trial court did not receive any evidence at the hearing, instead engaging in conversation with O'Rourke, Lubinski and the guardian ad litem and hearing argument from counsel before issuing its ruling. However, as Lubinski points out, O'Rourke did not object to the format in the trial court and did not seek to have any evidence admitted. Regardless, the facts are not contested on appeal and we therefore rely on the facts as asserted by the parties and found by the trial court.

then filed a motion under WIS. STAT. §§ 767.471[3] and 767.43[4] (2005–06)[5] to enforce the placement order between himself and O'Rourke. The motion sought an injunction ordering O'Rourke to strictly comply with the placement order while Lubinski is in active duty,

[3] WISCONSIN STAT. § 767.471 provides, in part:

(2) WHO MAY FILE. A parent who has been awarded periods of physical placement . . . may file a . . . motion if . . . .

(a) The parent has had one or more periods of physical placement denied by the other parent.

. . . .

(5) HEARING; REMEDIES . . . .

(b) If at the conclusion of the hearing the court finds that the responding party has intentionally and unreasonably denied the moving party one or more periods of physical placement or that the responding party has intentionally and unreasonably interfered with one or more of the moving party's periods of physical placement, the court:

. . . .

2. May do one or more of the following:

. . . .

c. Grant an injunction ordering the responding party to strictly comply with the judgment or order relating to the award of physical placement. In determining whether to issue an injunction, the court shall consider whether alternative remedies requested by the moving party would be as effective in obtaining compliance with the order or judgment relating to physical placement.

[4] WISCONSIN STAT. § 767.43 provides, in part:

(1) PETITION, WHO MAY FILE. . . . [U]pon petition by a grandparent, greatgrandparent, stepparent or person who has maintained a relationship similar to a parent-child relationship with the child, the court may grant reasonable visitation rights to that person if the parents have notice of the hearing and if the court determines that visitation is in the best interest of the child.

[5] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

and sought visitation rights for his wife, Jenny Lubinski, under the same terms and conditions granted to Lubinski under the placement order. Jenny Lubinski filed her own petition for visitation rights with Kevin under the same schedule Lubinski would have placement were he not on active duty. O'Rourke opposed the motion and the petition.[6]

¶ 4. The trial court held a hearing but did not receive any evidence. The trial court granted Lubinski's motion and Jenny Lubinski's petition. O'Rourke appeals.

*Standard of Review*

■

¶ 5. This case requires us to review a trial court's order issuing an injunction to enforce physical placement with a parent and granting visitation to a stepparent under Wis. Stat. §§ 767.43 and 767.471. Because an injunction to enforce a physical placement order is permissive rather than mandatory, we review the trial court's issuance of an injunction for an erroneous exercise of discretion. *See* Wis. Stat. § 767.471(5)(b)2.c. (court "may" issue injunction); *Smiljanic v. Niedermeyer*, 2007 WI App 182, ¶ 12, 304 Wis. 2d 197, 737 N.W.2d 436 (word "may" in a statute connotes that court is to exercise discretion in ordering relief sought). We also review a trial court's decision to grant or deny visitation for an erroneous exercise of discretion. *Rogers v. Rogers*, 2007 WI App 50, ¶ 7, 300 Wis. 2d 532, 731 N.W.2d 347. However, we interpret statutes and review

---

[6] O'Rourke also moved to modify the physical placement order while Lubinski is in active duty, and the court denied her motion. O'Rourke does not raise that issue on appeal. Therefore, we do not address the denial of O'Rourke's motion.

their application to undisputed facts de novo. *Watton v. Hegerty*, 2008 WI 74, ¶ 6, 311 Wis. 2d 52, 751 N.W.2d 369.

## Discussion

¶ 6. O'Rourke argues that the trial court erroneously exercised its discretion in (1) granting Lubinski's motion for an injunction to enforce the physical placement schedule in Lubinski's absence under WIS. STAT. § 767.471(5)(b)2.c., and (2) granting Jenny Lubinski's petition for stepparent visitation under WIS. STAT. § 767.43(1). Thus, there are two questions presented for our review: whether a physical placement schedule may be enforced in the absence of the parent awarded that placement, and whether the trial court's award of stepparent visitation under the same terms and conditions of a parent's physical placement schedule was a proper exercise of discretion. We conclude that the trial court erred in ordering an injunction to enforce the physical placement schedule in Lubinski's absence because physical placement rights are not transferable. We also conclude that the court erred in awarding Jenny Lubinski visitation under the terms of Lubinski's physical placement schedule for two reasons: (1) physical placement bestows rights associated with legal custody, and Jenny Lubinski has no claim to physical placement or legal custody in this case; and (2) O'Rourke has a liberty interest in determining her child's visitation schedule with others, and there are no facts in this case justifying state intervention with that right.

¶ 7. We begin with an analysis of "physical placement" versus "visitation" under the statutes. *See State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (holding that statutory interpretation begins with the plain language

401

of statutes). Custody and physical placement of children following actions affecting the family, including divorce, are regulated by WIS. STAT. § 767.41. Parents may be granted sole or joint custody, and the court then allocates physical placement of the child between the parties. Subsections 767.41(2) and (4). A court must award a placement schedule that allows the child to have regularly occurring, meaningful periods of physical placement with each parent." Subdivision 767.41(4)(a)2.

¶ 8. "Physical placement" is defined as "the condition under which a party has the right to have a child physically placed with that party and has the right and responsibility to make, during that placement, routine daily decisions regarding the child's care, consistent with major decisions made by a person having legal custody." WIS. STAT. § 767.001(5). "Major decisions," in turn, are defined as including decisions regarding consent to marry, consent to enter military service, consent to obtain a motor vehicle operators license, authorization for nonemergency health care and choice of school and religion. Subsection 767.001(2m). Thus, while physical placement encompasses the act of having a child physically present with the parent, it also grants that parent rights consistent with legal custody.

¶ 9. On the other hand, non-parents may petition for reasonable visitation rights (as opposed to legal custody or physical placement) with children who are in the custody of fit parents.[7] *See* WIS. STAT. § 767.43. While the statutes do not define "visitation," the dictionary defines visitation as "[a]n act of visiting . . .:VISIT," and "visit" is defined as "[t]o go or come to see" or "[t]o

---

[7] Under WIS. STAT. § 767.41(3), a court may transfer legal custody of a child to another relative or agency if both parents are unfit. There is no allegation that either parent is unfit in this case.

stay with as a guest." *See* RIVERSIDE WEBSTER'S II NEW COLLEGE DICTIONARY 1235 (1995); *Ott v. Peppertree Resort Villas, Inc.*, 2006 WI App 77, ¶ 21, 292 Wis. 2d 173, 716 N.W.2d 127 (explaining that we apply common dictionary definitions to undefined terms in statutes). Visitation, then, does not incorporate the rights associated with legal custody or physical placement. Instead, it allows certain people who have established parent-child relationships with children to maintain contact with those children following actions affecting the family unit, when such contact is in the best interest of the child. *See* WIS. STAT. § 767.43; *Rogers*, 300 Wis. 2d 532, ¶ 11.

¶ 10. With this framework in mind, we turn to Lubinski's motion and Jenny Lubinski's petition. First, Lubinski's motion seeks to enforce his physical placement with Kevin in his absence. O'Rourke argues that the trial court erred in granting the motion because it improperly allowed Lubinski to transfer his physical placement rights to his wife, Jenny Lubinski. Lubinski responds that he is entitled to enforce the physical placement schedule despite being called to active duty and argues that the physical placement order should not be changed in his absence. O'Rourke replies that Lubinski's being called to active duty has already changed the scenario contemplated under the physical placement order, and the question is Kevin's physical placement in Lubinski's absence. We agree with O'Rourke.[8]

¶ 11. Lubinski argues that he should be able to exercise his physical placement by having Kevin stay with his wife, Jenny Lubinski, under the terms of the

---

[8] O'Rourke also argues that the trial court erred in basing its rationale on WIS. STAT. § 767.451(5m)(c), which prohibits a court from modifying legal custody based on the fact that a parent may be called to active duty. In its oral ruling, the trial court said:

physical placement order while he is on active duty. The problem with Lubinski's argument is that, by definition, he cannot exercise physical placement with Kevin while he is physically absent. Rather, the question is whether Jenny Lubinski can exercise Lubinski's physical placement in Lubinski's absence. We conclude that she cannot.

█

¶ 12. Lubinski, not Jenny Lubinski, has the right to physical placement with Kevin. On this point, *Weichman v. Weichman*, 50 Wis. 2d 731, 184 N.W.2d 882 (1971), is instructive. There, a father requested that his parents have visitation in his absence. *Id.* at 737. The

> I think it is very clear that [§] 767.451(5m)[(c)] was[] the legislature's attempt to deal with one of these issues of legal custody. Why they haven't dealt with this, maybe they wouldn't deal with this because they would think the courts, courts of equity would do what is right in placement as opposed to custody. So they didn't address it . . . .
>
> . . . .
>
> . . . . So, I think . . . the intent of the legislature under [§] 767.451(5m), just the general policy and equity, it is not fair to take away the rights of a parent during this deployment.

Thus, the trial court recognized that § 767.451(5m)(c) covers only legal custody, not physical placement. However, the trial court interpreted the general legislative policy behind § 767.451(5m)(c) as seeking to protect military parents' rights in its decision to enforce the visitation order during Lubinski's absence, and to grant equivalent visitation rights to Jenny Lubinski. We agree with the trial court that § 767.451(5m)(c) is not controlling here. However, we disagree that § 767.451(5m)(c) expresses a policy relevant to the issue before us. Instead, we base our decision on the plain language of Wis. Stat. §§ 767.471 and 767.43 and prior case law, and we do not find § 767.451(5m)(c) instructive on the issues in this case.

supreme court found that "a parent cannot delegate his visitation rights to others in his absence," and thus remanded for a hearing to determine whether paternal grandparent visitation was in the best interest of the child. *Id.* Because physical placement entails even greater rights than visitation, it follows that a parent cannot delegate physical placement rights to another in his absence.[9] Thus, we conclude that Lubinski cannot seek to enforce his physical placement with Kevin by transferring that placement to Jenny Lubinski. Accordingly, we conclude that the trial court erroneously exercised its discretion in granting Kevin's motion for an injunction to enforce the physical placement order with Jenny Lubinski exercising Lubinski's physical placement.

¶ 13. We turn, then, to whether the court properly exercised its discretion in awarding stepparent visita-

---

[9] In *Weichman v. Weichman*, 50 Wis. 2d 731, 734–35 & n.1, 184 N.W.2d 882 (1971), which predates the current visitation, placement and custody provisions under Wis. Stat. ch. 767, the supreme court explained that a court's power to grant visitation was rooted in Wis. Stat. § 247.24 (1969). At that time, Wis. Stat. § 247.24 provided, in part:

> In rendering a judgment of annulment, divorce or legal separation, the court may make such further provisions therein as it deems just and reasonable concerning the care, custody, maintenance and education of the minor children of the parties, and give the care and custody of the children of such marriage to one of the parties to the action, or may, if the interest of any such child demands it, and if the court finds either that the parents are unable to adequately care for any such child or are not fit and proper persons to have the care and custody thereof, may declare such child a dependent and give the care and custody of such child to a relative (as defined in ch. 48) of the child, a county agency specified in s. 48.56(1), a licensed child welfare agency, or the department of health and social services.

tion to Jenny Lubinski.[10] Under WIS. STAT. § 767.43(1), a court may grant a stepparent "who has maintained a relationship similar to a parent-child relationship with the child" reasonable visitation rights. We are mindful, however, that "[p]arents have a liberty interest in directing the care, custody and control of their children," and that "[t]he Due Process Clause does not permit a state to infringe on a fit parent's fundamental right to make child rearing decisions simply because a court disagrees with the parent or believes a better decision could be made." *Rogers*, 300 Wis. 2d 532, ¶ 18 (citing *Troxel v. Granville*, 530 U.S. 57, 65, 72–73 (2000)). Because

> there is a presumption that fit parents act in the best interests of their children . . . . , there will normally be no reason for the State to inject itself into the private realm of the family to further question the ability of that parent to make the best decisions concerning the rearing of that parent's children.

*Troxel*, 530 U.S. at 68–69. Moreover, "[i]f a fit parent's decision regarding . . . visitation becomes subject to judicial review, the circuit court must give 'special weight' to the parent's own determination as to his or her children's best interests." *Rogers*, 300 Wis. 2d 532, ¶ 19 (citing *Troxel*, 530 U.S. at 68–69). A relative's desire for a "better" visitation schedule than approved

---

Although § 247.24 did not mention "visitation," the court's power to control visitation rights flowed from § 247.24. *Weichman*, 50 Wis. 2d at 734.

[10] Both Lubinski and Jenny Lubinski petitioned the court to award Jenny Lubinski stepparent visitation. However, under WIS. STAT. § 767.43(1), a petition for visitation must be made by the stepparent seeking visitation. We therefore address Jenny Lubinski's petition rather than Lubinski's.

by a parent "is not enough to overcome the presumption that [a parent's] visitation decisions are in her children's best interests and thus bar state intervention."[11] *Id.*, ¶ 21.

¶ 14. Such is the case here: O'Rourke's counsel informed the court at the hearing that O'Rourke would allow Jenny Lubinski to visit with Kevin during Lubinski's absence, but not according to Lubinski's placement schedule. The trial court reasoned that allowing Jenny Lubinski visitation according to Lubinski's physical placement schedule in Lubinski's absence would be in Kevin's best interest because it would allow him to spend the summer with his extended family on his father's side and to engage in summer activities there. However, the trial court's analysis did not give deference to O'Rourke's visitation decisions as mandated under *Rogers* and did not reflect a sufficient basis for state intervention with O'Rourke's visitation decisions. Accordingly, we reverse and remand with directions for the trial court to deny the motion and the petition.

*By the Court.*—Order reversed and cause remanded with directions.

---

[11] Lubinski argues that it is significant that he has consented to the visitation between Jenny Lubinski and Kevin. We agree that Lubinski has the right to make decisions concerning Kevin's visitation with others when Lubinski has physical placement of Kevin. The question here is whether O'Rourke may be forced to comply with Lubinski's visitation preferences when Lubinski cannot exercise his placement.