SHIRLEY S. ABRAHAMSON, J.
¶ 50. (concurring). This is a statutory interpretation case. The statute at issue is Wis. Stat. § 767.43(1). Wisconsin Stat. § 767.43(1) provides that a "grandparent, great-grandparent, stepparent or person who has maintained a relationship similar to a parent-child relationship" may petition the court to seek visitation rights to the child; the court may grant visitation if visitation is in the child's best interests.
*475 ¶ 51. In the instant case, Carol Meister, the paternal grandmother of four minor children, S.A.M., A.L.M., and J.E.M., filed a motion in the children's parents' divorce action to establish visitation with the children.
¶ 52. The circuit court denied the grandmother's motion for visitation, concluding that the grandmother failed to show a "relationship similar to a parent-child relationship" as required under the court of appeals' interpretation of Wis. Stat. § 767.43(1) in Rogers v. Rogers, 2007 WI App 50, ¶ 11, 300 Wis. 2d 532, 731 N.W.2d 347.
¶ 53. The court of appeals affirmed the circuit court's order in an unpublished decision. It too relied on the Rogers v. Rogers case.[1] The majority opinion disagrees with the court of appeals' interpretation of Wis. Stat. § 767.43(1).
¶ 54. I write separately to make two points.
¶ 55. I. First, although I happen to agree with this court's interpretation of Wis. Stat. § 767.43(1), I conclude that this court violates the plain language of § 767.43(1) by deciding the instant case.[2]
¶ 56. Wisconsin Stat. § 767.43(1), entitled "Petition, who may file" provides (with added emphasis):
Except as provided in subs, (lm) and (2m), upon petition by a grandparent, greatgrandparent, stepparent or person who has maintained a relationship *476 similar to a parent-child relationship with the child, the court may grant reasonable visitation rights to that person if the parents have notice of the hearing and if the court determines that visitation is in the best interest of the child.
¶ 57. The grandmother did not appeal the circuit court's denial of visitation or pursue the review in this court. The guardian ad litem (and the children whom the guardian ad litem represents) pursued the appeal and review.
¶ 58. Under the plain text of the statute, only a grandparent (or other named individual not relevant in the instant case) may seek visitation with a child and a court may grant visitation only to these identified persons.
¶ 59. Neither the guardian ad litem nor the children argue that they fall within the ambit of Wis. Stat. § 767.43(1). Thus the right parties are not before the court. Accordingly, this court does not have any statutory or other basis to consider the petition for review filed by a person not identified in the statute as having the power to seek visitation with the children.[3]
*477 ¶ 60. II. Second, I am concerned that the statutory interpretation set forth in the instant case puts the constitutionality of Wis. Stat. § 767.43(3) in doubt.
¶ 61. The burden that Wis. Stat. § 767.43(3) imposes on a grandparent seeking visitation rights to children born to unmarried parents is significantly greater than the burden § 767.43(1) imposes on a grandparent seeking visitation rights to children born to a married couple.
¶ 62. Statutory classifications based on the child being a nonmarital child are subjected to a heightened level of scrutiny.[4] A statutory classification based on the status of a child as a nonmarital child will be struck down under the Equal Protection Clause if the "classification is justified by no legitimate state interest, compelling or otherwise."[5]
¶ 63. For the reasons set forth, I write separately.
*478 I
¶ 64. Wisconsin Stat. § 767.43(1), entitled "Petition, who may file," states (in relevant part): "{U]pon petition by a grandparent, greatgrandparent, stepparent or person who has maintained a relationship similar to a parent-child relationship with the child, the court may grant reasonable visitation rights to that person if the parents have notice of the hearing and if the court determines that visitation is in the best interests of the child."
f 65. In the instant case, the children's paternal grandmother, Carol, filed a motion seeking visitation with the children. The grandmother represented herself in the visitation proceedings.
¶ 66. The children's guardian ad litem agreed with the grandmother that visitation was in the children's best interest. The circuit court noted that the guardian ad litem "took the laboring oar" in a hearing regarding the grandmother's motion for visitation.
¶ 67. The grandmother did not, however, appeal from the circuit court's order denying her motion for visitation. Nor was the grandmother a party in this court.[6] See majority op., ¶ 18 n.10.
¶ 68. The instant case poses a question raised at oral argument but not addressed by the court or the *479 parties' briefs: May an individual other than a "grandparent, greatgrandparent, stepparent, or person who has maintained a relationship similar to a parent-child relationship with the child" initiate and pursue an appeal or a review of the circuit court's order denying visitation to a grandparent under Wis. Stat. § 767.43(1)? Simply and more specifically stated, may a guardian ad litem for minor children initiate and pursue a proceeding in an appellate court regarding a circuit court's order denying a grandparent's petition for visitation?
¶ 69. Given the statutory limitations on who may bring a petition for visitation and to whom a court may grant visitation, I conclude that the guardian ad litem cannot initiate and pursue proceedings in an appellate court seeking review of a circuit court's order denying a grandparent's petition for visitation.
¶ 70. The children and their guardian ad litem are not within the ambit of Wis. Stat. § 767.43(1). Wisconsin Stat. § 767.43(1) limits the right to petition the court for visitation to identified individuals; the statute does not identify children or their guardian ad litem as petitioners. The right parties are not before the court.
II
¶ 71. Given this court's interpretation of Wis. Stat. § 767.43(1), I question whether the statutory interpretation set forth in the instant case puts the constitutionality of Wis. Stat. § 767.43(3) in doubt.
¶ 72. Wisconsin Stat. § 767.43(1), entitled "Petition, who may file," provides (with added emphasis):
Except as provided in subs. (im) and (2m), upon petition by a grandparent., greatgrandparent, steppar *480 ent or person who has maintained a relationship similar to a parent-child relationship with the child, the court may grant reasonable visitation rights to that person if the parents have notice of the hearing and if the court determines that visitation is in the best interest of the child.
¶ 73. The court interprets Wis. Stat. § 767.43(1) to mean that a grandparent need not demonstrate a relationship with the child to be granted visitation.[7] In other words, Wis. Stat. § 767.43(1), as interpreted in the instant case, allows a "grandparent" to obtain visitation based solely on the best interests of the child.[8]
¶ 74. In contrast, Wis. Stat. § 767.43(3), entitled "Special grandparent visitation provision," requires a grandparent of a child born to unmarried parents to demonstrate a relationship with the child or efforts to maintain such a relationship.
¶ 75. Wisconsin Stat. § 767.43(3) provides:
The court may grant reasonable visitation rights, with respect to a child, to a grandparent of a child if the child's parents have notice of the hearing and the court determines all of the following:
(a) The child is a nonmarital child whose parents have not subsequently married each other.
(b) Except as provided in sub. (4), the paternity of the child has been determined under the laws of this state or another jurisdiction if the grandparent filing the petition is a parent of the child's father.
(c) The child has not been adopted.
(d) The grandparent has maintained a relationship with the child or has attempted to maintain a relationship with the child but has been pre *481 vented from doing so by a parent who has legal custody of the child.
(e) The grandparent is not likely to act in a manner that is contrary to decisions that are made by a parent who has legal custody of the child and that are related to the child's physical, emotional, educational or spiritual welfare.
(f) The visitation is in the best interest of the child.[9]
¶ 76. Wisconsin Stat. § 767.43(3), the " [s]pecial grandparent visitation provision" pertaining to a non-marital child, allows a grandparent to obtain visitation if the grandparent demonstrates, among other things, that (1) " [t]he grandparent has maintained a relationship with the child or has attempted to maintain a relationship with the child but has been prevented from doing so by a parent who has legal custody of the child;" (2) " [t]he grandparent is not likely to act in a manner that is contrary to decisions that are made by a parent who has legal custody of the child and that are related to the child's physical, emotional, educational, or spiritual welfare;" and (3) visitation is in the best interest of the child.
f 77. Statutory classifications based on the child being a nonmarital child are subjected to a heightened level of scrutiny.[10] A statutory classification based on the status of a child as a nonmarital child will be struck down under the Equal Protection Clause if the "classification is justified by no legitimate state interest, compelling or otherwise."[11]
*482 ¶ 78. What legitimate state interest is served by Wis. Stat. § 767.43(3) imposing a substantially higher burden on a grandparent seeking visitation based solely on the child's parents' marital status?
¶ 79. For the reasons set forth, I concur and write separately.

 S.A.M. v. Meister, No. 2014AP1283, unpublished slip op., ¶¶ 13-14 (Wis. Ct. App. Feb. 5, 2015).

 Members of the court do not always agree about the methodology to be used in interpreting statutes. See, e.g., Justice Ziegler's concurrence, f 80 (concluding ¶ 23 of the majority opinion is unnecessary because Wis. Stat. § 767.43(1) is unambiguous); see also Anderson v. Aul, 2015 WI 19, 361 Wis. 2d 63, 862 N.W.2d 304.

 This issue might be framed as a question of "standing," see majority op., ¶ 16 n.8, but it is easier to frame and analyze the issue as one of statutory interpretation, namely whether the children and guardian ad litem may initiate and pursue the proceeding under the statute. The concept of standing has numerous dimensions. Standing and statutory interpretation are distinct and should not be conflated. See Foley-Ciccantelli v. Bishop's Grove Condo Ass'n, Inc., 2011 WI 36, ¶¶ 5, 54, 333 Wis. 2d 402, 797 N.W.2d 789 ("There is no single longstanding or uniform test to determine standing in the case law. . .. The essence of the question of standing... is ... whether the injured interest of the party whose standing is challenged falls within the ambit of the statute or constitutional provision involved."); see also William A. Fletcher, The Structure of *477 Standing, 98 Yale L.J. 221, 236 (1988) (" 'When a plaintiff seeks standing on the basis that an interest is protected by statute, the question whether that interest is legally protected for standing purposes is the same as the question whether plaintiff (assuming his or her factual allegations are true) has a claim on the merits.[1]") (quoting Stephen G. Breyer & Richard B. Stewart, Administrative Law and Regulatory Policy: Problems, Text, and Cases 1094 (2d ed. 1985) (footnote omitted)); Wisconsin's Envt'l Decade, Inc. v. Pub. Serv. Comm'n of Wis., 69 Wis. 2d 1, 11, 230 N.W.2d 243 (1975) (describing cases resolved "on the notion that the statute relied upon by the person seeking review did not give legal recognition to the interest asserted" as "rest[ing] upon statutory interpretation rather than the law of standing itself.").

 Pickett v. Brown, 462 U.S. 1, 7 (1983).

 Weber v. Aetna Cas. & Sur. Co., 406 U.S. 164, 175-76 (1972).

 Indeed, the grandmother passed away before the petition for review was filed in this court. The grandmother's death was brought to the court's attention by a letter. Contrary to the practices and procedures of this court, one justice and a commissioner, without a vote of the court, unilaterally ordered supplemental briefing regarding whether the case was moot. The issue in the present case is not one of mootness. The issue is whether an appeal or review initiated and pursued by a guardian ad litem representing the children falls within the purview of Wis. Stat. § 767.43(1). See majority op., ¶ 16 n.8.

 See majority op., ¶ 6.

 See majority op., ¶ 6.

 Wisconsin Stat. § 767.43(3) applies to a grandparent requesting visitation whenever sub. (a) to (c) apply to the child. See Wis. Stat. § 767.43(2m).

 Pickett, 462 U.S. at 7.

 Weber, 406 U.S. at 175-76.

 I write this footnote to briefly confirm that the methodology applied by Justice Prosser comports with longstanding precedent as stated in State ex rel. Kalal v. Circuit Court for Dane Cty., 2004 WI 58, 271 Wis. 2d 633, 681 N.W.2d 110.